UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDYARD JEFFERS and
MAURISIA JEFFERS,

    Plaintiffs,

v.

RHA 2, LLC; HAVENBROOK HOMES,
LLC; and PATRICK WHELAN;

    Defendants.

CASE NO.

## PETITION FOR REMOVAL

Defendants, RHA 2, LLC ("RHA"); HAVENBROOK HOMES, LLC ("Havenbrook"); and PATRICK WHELAN ("Whelan") (collectively, the "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which is styled *Rudyard Jeffers and Maurisia Jeffers v. RHA 2, LLC; Havenbrook Homes, LLC; and Patrick Wheelan*, Case No. CACE17006711, to the United States District Court for the Southern District of Florida, and in support thereof states as follows:

## GROUNDS FOR REMOVAL

1.    This is a civil action which has been filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Broward County is within the Southern District of Florida, and the Fort Lauderdale Division is the proper division within the Southern District pursuant to S.D. Fla. L.R. 3.1. Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" the Defendants are attached hereto as **Composite Exhibit "A"**.

CASE NO.

2.  The present action was filed by the Plaintiffs against the Defendants on or about April 18, 2017. The summons and complaint were served on the Defendants on or about April 25, 2017. However, this action did not become removable until the filing of the First Amended Complaint on January 25, 2018. As a result, pursuant to Fed. R. Civ. P. 6(a)(1), this removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

3.  This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  According to the First Amended Complaint, the Plaintiffs believe that the Defendants, *inter alia*, breached a residential lease, and where otherwise negligent, resulting in damages to the Plaintiffs.[1]

5.  As a result of the alleged breach of contract and alleged negligence, the Plaintiffs allege in the First Amended Complaint entitlement to, *inter alia*, $100,000.00 in damages.

## DIVERSITY OF CITIZENSHIP

6.  At all times relevant hereto, Plaintiff Rudyard Jeffers resided in Broward County, Florida, with an intent to remain in the State of Florida. Plaintiff Rudyard Jeffers is and was a citizen of Florida.

---

[1] The Defendants have a difficult time establishing precisely the nature of the Plaintiffs' claims, which are currently the subject of a motion to dismiss.

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

7. At all times relevant hereto, Plaintiff Maurisia Jeffers resided in Broward County, Florida, with an intent to remain in the State of Florida. Plaintiff Maurisia Jeffers is and was a citizen of Florida.

8. At all times relevant hereto, RHA 2, LLC, is and was a Delaware limited liability company with its principal place of business in Duluth, Georgia. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which any of its members is a citizen. *Rolling Greens MHP, L.P v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

9. At all times relevant hereto, RHA 2, LLC has and had one member, RHA 2, Inc. At all times relevant hereto, RHA 2, Inc. is and was a Delaware corporation with its principal place of business in Duluth, Georgia. RHA 2, Inc. is and was a citizen of Delaware and Georgia.

10. Accordingly, RHA 2, LLC is and was a citizen of Delaware and Georgia.

11. At all times relevant hereto, Havenbrook Homes, LLC has and had one member, Havenbrook Partners, LLC.

12. At all times material to this matter, Havenbrook Partners, LLC, has and had two members, SEMS, LLC, and TOBI II, LLC.

13. At all times material to this action, SEMS, LLC has and had one member who is and was a citizen of Georgia. The identity of SEMS, LLC's member is private. Should the Court require further information regarding the identity of SEMS, LLC's member, the undersigned counsel is willing to file an amended removal petition under seal. SEMS, LLC is and was a citizen of Georgia.

14. At all times material to this action, TOBI II, LLC has and had one member who is and was a citizen of California. The identity of TOBI II's member is private. Should the Court

CASE NO.

require further information regarding the identity of TOBI II's member, the undersigned counsel is willing to file an amended removal petition under seal. TOBI II, LLC is and was a citizen of California.

15. Accordingly, Havenbrook Partners, LLC is and was a citizen of Georgia and California.

16. Accordingly, Havenbrook Homes, LLC is and was a citizen of Georgia and California.

17. At all times relevant hereto, Patrick Whelan resided in the state of Arizona with the intent to remain in Arizona. Patrick Whelan is and was a citizen of Arizona.

18. Accordingly, there is complete diversity between the Plaintiffs and Defendants, and this action may be removed to this Court by the Defendants, and this Court possesses removal jurisdiction of this action under the provisions of 28 U.S.C. § 1441. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.

19. All of the Defendants consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## AMOUNT IN CONTROVERSY

20. 28 U.S.C. § 1332 states that the district courts shall have original jurisdiction in all civil actions where, *inter alia*, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

21. The First Amended Complaint claims entitlement to $100,000 in compensatory damages, and purports to seek punitive damages as well.

22. Thus, because the First Amended Complaint states an amount in controversy exceeding $75,000 on its face, the amount in controversy is met and this Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1446(c)(2); *Mitzelfeld v. Safeco Ins. Co. of Ill.*, No. 9:15-cv-80381,

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

2015 WL 11348283, at *1 (S.D. Fla. May 22, 2015) (holding that where the plaintiff has expressly placed a value on his case, that value is determinative for removal purposes).

## TIMELY FILED

23. The Defendants have filed this Petition for Removal within 30 days of being served with the Plaintiffs' First Amended Complaint, which gave the basis for the removal. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).[2]

24. In accordance with 28 U.S.C. § 1446(c), Defendants have filed the instant Petition for Removal within one year from the date the original complaint was filed and served.

25. Pursuant to 28 U.S.C. § 1446(d), Defendants will give prompt notice upon filing of the Petition for Removal to all parties of record and to the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

## VENUE

26. Defendants seek to remove to the United States District Court for the Southern District of Florida. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division thereof includes the place where the removed action has been pending.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. . .

---

[2] Although the Certificate of Service in the First Amended Complaint states that the Defendants were served on January 23, 2018, that is not true. The Defendants were not served with the First Amended Complaint until the First Amended Complaint was actually filed and e-served, which did not occur until January 25, 2018.

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

28 U.S.C. § 1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State where such action is brought.

Where the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am.*, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. See *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-15 (11th Cir. 2002). When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (noting that if the amount in controversy is not facially apparent from the complaint, the removing party "may admit their own affidavits, declarations, or other documentation" to establish that removal is proper).

Here, there is no need to consider extrinsic evidence. The Plaintiffs' First Amended Complaint, on its face, establishes that the amount in controversy has been met. The First Amended Complaint demands, on its face, compensatory damages of $100,000.00, plus punitive damages.

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

When a plaintiff has expressly placed a value on his case, that value is determinative for removal purposes. *Mitzelfeld*, 2015 WL 11348283, at *1; *see also* 28 U.S.C. § 1446(c)(2). Thus, because the First Amended Complaint alleges on its face an amount in controversy exceeding this Court's jurisdictional minimum, removal is appropriate.

## CONCLUSION

This action meets all the requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; none of the Defendants are or ever were citizens of Florida, and both Plaintiffs are citizens of Florida; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and Defendants' instant Petition for Removal is being filed timely.

WHEREFORE, Defendants, RHA 2, LLC; Havenbrook Homes, LLC; and Patrick Whelan; hereby petition this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated.

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

Respectfully submitted,

/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100