UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-60411-CIV-MORENO**

RUDYARD.JEFFERS and MAURISIA
JEFFERS,

          Plaintiffs,

vs.

RHA 2, LLC; HAVENBROOK HOMES LLC;
and PATRICK WHELAN,

          Defendants.

                                     /

## ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendants' Amended Motion to Dismiss

First Amended Complaint **(D.E. 7)**, filed on **March 28, 2018**.

THE COURT has reviewed Plaintiffs' complaint and finds that it is deficient for the

reasons set forth in detail below. Addressing each count in turn:

### I.    Counts I-IV – "Shotgun" pleading

In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d

364, 366-7 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on

the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not
> joined, discovery is not controlled, the trial court's docket becomes
> unmanageable, the litigants suffer, and society loses confidence in the court's
> ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Cesnik v. Edgewood Baptist

Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir.

1995).

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir.

2015), the Eleventh Circuit explained that complaints that violate either Rule 8(a)(2) or Rule

10(b), or both, are referred to as "shotgun" pleadings and identified four "rough" categories into which they fall:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Here, Plaintiffs are guilty of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. For example, in Count I Plaintiffs refer to "Defendant," but Count II refers to both "Defendant" and "Defendants." As written, it is unclear which claim(s) is/are brought against which defendant(s). For this reason, the complaint is dismissed without prejudice.

## II.    Count I – Breach of Contract

Under Florida law, in order to plead a breach of contract claim, a plaintiff must assert the following: (1) the existence of a contract; (2) a breach of such contract; and (3) damages resulting from such breach. *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355 (M.D. Fla. 2007). Here, Plaintiffs have satisfied the first and second requirements by

showing the existence of the subject contract and alleging a breach of that contract. However, Plaintiffs have failed to satisfy the third requirement by pleading damages generally, instead of specifying which damages are the result of the breach of contract. For this reason, Count I is dismissed without prejudice.

### III.    Count II – Negligence

Plaintiffs allege that Defendant negligently failed to perform the duties in the rental agreement. However, "under Florida law, even the most flagrant and unjustifiable breach of contract does not warrant tort damages unless that breach is accompanied by behavior that amounts to an independent tort." *Interstate Sec. Corp. v. Hayes Corp.*, 920 F.2d 769, 776 (11th Cir. 1991)(internal citations and quotations omitted). Because Plaintiffs' allegation of negligence relies solely on Defendant's/Defendants' alleged breach of contract and does not allege the requisite accompanying tortious behavior, Count II is dismissed without prejudice.

### IV.    Count III – Gross Negligence

Pursuant to Florida Statute 768.72(2)(b), "gross negligence" is defined as "conduct . . . so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." Under Florida law, in order to allege a cause of action for gross negligence, the Plaintiff must show the following: "(1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act of omission occurring in a manner which evinces a conscious disregard of the consequences." *Deutsche Bank Nat'l Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1117 (M.D. Fla. 2013)(citation omitted). Plaintiffs have failed to allege facts that support a cause of action for gross negligence. For this reason, Count

III is dismissed without prejudice.

## V. Count IV – Civil Theft

Plaintiffs allege a claim for civil theft because Defendant(s) failed to return Plaintiffs' security deposit. To state a claim for civil theft under Florida law, "the claimant must prove the statutory elements of theft, as well as criminal intent." § 772.11(1), Fla. Stat.; *Gersh v. Cofman*, 769 So.2d 407, 409 (Fla. 4th DCA 2000)(internal citation omitted). "Where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of 'an intricate sophisticated scheme of deceit and theft.'" *Id.* (citing *Trend Setter Villas of Deer Creek v. Villas on Green*, 569 So.2d 766, 767 (Fla. 4th DCA 1990)). Lastly, in Florida, "a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Gasparini v. Pordomingo*, 972 So.2d 1053 (Fla. 3d DCA 1053)(citations omitted). Here, Plaintiffs have failed to sufficiently plead a claim for civil theft. For this reason, Count IV is dismissed without prejudice.

## VI. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss First Amended Complaint is GRANTED and Plaintiffs' First Amended Complaint is DISMISSED without prejudice. Plaintiffs may file a second amended complaint in compliance with this Order no later than **June 8, 2018**.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ of May 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

Jeffery
P.O. Box 5764
FT. LJ, FL 33310

4